IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MONDIS TECHNOLOGY LTD., § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CHIMEI INNOLUX CORP., et al., § <br> Defendants. § <br> § <br> § | CIVIL ACTION NO. 2:11-cv-378-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Chimei InnoLux Corp. and InnoLux Corp. (collectively "InnoLux") Motion to Reconsider Order Regarding Mondis' Motion for Supplemental Damages and an Ongoing Royalty (Dkt. No. 13.) Having considered the parties' written submissions and the arguments of counsel, the Court DENIES the motion.

### I.  Background

Mondis Technology Ltd. ("Mondis") filed this patent infringement case on December 31, 2007. On June 27, 2011, the jury entered a verdict in favor of Mondis, awarding $15,000,000 in damages for past infringement. (2:07-cv-565, Dkt. No. 586.) Because the jury had only been presented with damages data through the end of 2010, Mondis moved on August 4, 2011 for an award of supplemental damages for InnoLux's infringing sales between January 1, 2011 and the June 27, 2011 verdict. (2:07-cv-565, Dkt. No. 631.) In the same motion, Mondis moved for an enhanced royalty rate for InnoLux's anticipated post-verdict willful infringement. *Id.*

As part of its Amended Final Judgment in the 2:07-cv-565 case, the Court *sua sponte* severed Mondis' motion for supplemental damages and an enhanced ongoing royalty rate, and ordered the Clerk of the Court to open a new case number for this motion. (2:07-cv-565, Dkt. No.

666.) As a result, the Clerk opened this case, No. 2:11-cv-378. The parties further briefed the specific issues to be dealt with in this case, and a hearing was held on September 15, 2011. On the same day that he retired from the bench (September 30, 2011), Judge Ward issued an Order on the issues of supplemental damages and ongoing royalties. (Dkt. No. 11.)

In the portion of that Order addressing enhanced damages related to ongoing infringement, Judge Ward considered each of the conventional *Read* factors: (1) deliberate copying; (2) infringer's investigation and good-faith belief of invalidity or non-infringement; (3) litigation conduct; (4) infringer's size and financial situation; (5) closeness of the case; (6) duration of the misconduct; (7) remedial action by the infringer; (8) infringer's motivation for harm; and (9) concealment. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992). Judge Ward noted that "many of these factors are not well-suited for analyzing future willful infringement, as the factors were designed to analyze a party's willful infringement in the past," but he nonetheless determined that factors two and five weighed in favor of strong enhancement of damages, and that all other factors were not relevant or not worthy of significant weight considering the circumstances. (Dkt. No. 11, at 20.)

In addition to the conventional *Read* factors, Judge Ward also took into account "InnoLux's corporate attitude, which is reflected by its CEO's statements to a Chinese newspaper after the verdict in this case," to determine the appropriate amount of enhanced damages. *Id.*, at 21. The newspaper article quotes Dr. Tuan as stating that "[t]he issue of patent infringement is being taken too seriously sometimes." *Id.* (citing "Chimei to Postpone Chinese Fab Investment," *The China Post*, June 29, 2011, at 5) (the *"China Post* article"). Judge Ward found that Dr. Tuan's statement "is an affront to the United States patent system – a system of Constitutional origin," and that it, in addition to his analysis of the *Read* factors, warranted a strong enhancement

of damages. *Id*. Accordingly, Judge Ward enhanced the previously calculated reasonable royalty rate of 0.75% to 1.50% to reflect "the egregiousness of InnoLux's continued infringement…" *Id.*, at 21.

Through the Motion now pending before the Court, InnoLux asks this Court to reconsider Judge Ward's determination of ongoing damages and to provide relief under Federal Rule of Civil Procedure 60(b) because: (1) Judge Ward's opinion was based on inadmissible hearsay (*e.g.,* the newspaper article); (2) the hearsay was inadvertently admitted due to miscommunication, and (3) if any statement is to be considered, it should be the complete statement now available before the Court." (Dkt. No. 13, at 6.)

## II. Legal Standard

A party may request relief from a court order pursuant to Fed. R. Civ. P. 60(b), which recites in relevant part: "[o]n motion and upon such terms as are just, the court may relieve a party or party's legal representatives from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect … (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion must be made "within a reasonable time … and for reasons (1), (2) and (3) no more than a year after date of entry of the judgment or order." *Id*. "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying the relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). Rule 60(b)(6) is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). As such, a Rule 60(b)(6) motion "will be granted only if extraordinary circumstances are present." *Id*.

III.   **Discussion**

InnoLux argues that: (1) the newspaper article quoting Dr. Tuan should not have been considered by Judge Ward because it is inadmissible hearsay; (2) miscommunication contributed to the improper admission of the hearsay article; and (3) that the article misquoted InnoLux's CEO, and that if any statement should be considered, it should be a complete statement that InnoLux obtained from the recording of the newspaper's interview with Dr. Tuan.   (Dkt. No. 13.)

Mondis responds that (1) InnoLux adopted Dr. Tuan's statement and knowingly waived any objections to the admissibility of the quoted portions of the article on hearsay grounds; (2) Rule 60(b) does not provide relief where InnoLux's counsel failed to timely object to the admission of evidence; and (3) even if the Court were to credit InnoLux's late hearsay objection, there is no basis for disturbing Judge Ward's enhanced damages award.   (Dkt. No. 16.)

A. **Judge Ward's Admission of the *China Post* Article Does Not Warrant the Extraordinary Relief Provided for Under Fed. R. Civ. P. 60(b)**

On June 29, 2011, two days after the jury returned its damages verdict and finding of willful infringement, the China Post published the newspaper article with the following quote from Dr. Tuan: "The issue of patent infringement is being taken too seriously sometimes."   *See China Post Article* at 5.   On August 4, 2011, Mondis submitted the *China Post* article to the Court in connection with briefing on supplemental damages, and Mondis moved for admission of the article at the September 15, 2011 hearing on supplemental damages.   (Dkt. No. 16, at 1.) InnoLux did not object to the admission of this article in its written submissions to the Court, and InnoLux also failed to object on hearsay grounds at the post-trial hearing on ongoing royalties, even after Mondis expressly moved to have the article admitted into evidence.   (2:07-cv-565, 9/15/2011 Tr. At 27:8-9.)   When asked by the Court if InnoLux had any objection to the

4

admission of the article, InnoLux objected on foundation grounds, but did not object to the introduction of the newspaper article on hearsay grounds. *Id.*, at 27:18-21 ("… I don't think it's proper from a foundational standpoint, for Mr. Spiro to talk about what might have been the intention or understanding of InnoLux's management."). Judge Ward pressed the issue, and asked InnoLux's counsel "insofar as the statement, you don't dispute that that's what **he** said." *Id.*, 27:22-23 (emphasis added). InnoLux's counsel stated that Judge Ward was correct.[1]

InnoLux has a significant burden in justifying the "extraordinary" relief sought under Rule 60(b)(1). *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) ("In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted justifying relief is on attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court.); *Blinder, Robinson & Co., Inc. v. United States SEC*, 748 F.2d 1415, 1420 (10th Cir. 1984) ("Even assuming that [plaintiff's] attorney's failure to object to the allegedly improper evidence was due solely to the negligence of their counsel rather than to deliberate litigation strategy, this would not constitute a sufficient showing to warrant the extraordinary relief sought.") In light of this burden, the Court concludes that, based on the parties' arguments and the evidence of record, InnoLux's counsel made a conscious and knowing admission regarding the admissibility of the quotation from the *China Post* article, and such admission is therefore binding on InnoLux. *See Martinez v. Bailey's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (finding that attorney's arguments made during the course of trial were judicial admissions).

---

[1] "THE COURT:   Well, but insofar as the statement, you don't dispute that's what he said?
MR. BROGAN:   That is correct.
…
THE COURT:   Well, he [Mr. Brogan] has admitted that the statement was made and I will give it such weight as I think it is entitled to."  9/15/2011 Tr. at 27:22-24; 28:7-9.

To the extent that InnoLux argues that the Court committed a legal "mistake," such "mistake" is only correctable via a Rule 60(b) motion where the legal mistake involves "a fundamental misconception of the law or a conflict with a clear statutory mandate." *In re Grimland, Inc.*, 243 F.3d 228. 233 (5th Cir. 2001); *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) (finding that plaintiff's claim of "mere legal error" did not warrant Rule 60(b)(1) relief). Here, Judge Ward's ruling did not constitute "a fundamental misconception of the law" because InnoLux failed to object on hearsay grounds. *See United States v. Gresham*, 585 F.2d 103, 106 (5th Cir. 1978) ("since this evidence, through hearsay, came in without objection, 'it is to be considered and given its natural probative effect as if it were admissible.'") (quoting *Daniel v. United States*, 234 F.2d 102, 107 (5th Cir. 1956)).

Accordingly, the Court find that the requested relief under Rule 60(b)(1) is not warranted in this case because InnoLux's counsel failed to timely object to the admission of the *China Post* article. With regard to Rule 60(b)(6), InnoLux has also failed to show how InnoLux's counsel's failure to object to the admission of the *China Post* article constitutes an "extraordinary circumstance" justifying relief under the catch-all provision of Rule 60(b).

### B. Even if the *China Post* Article Were Inadmissible, and the Court Were to Credit InnoLux's Late Hearsay Objection, there would be no Basis to Disturb the Enhanced Damages Award

Judge Ward considered each of the *Read* factors regarding enhanced damages and determined that "factors two and five weigh in favor of a strong enhancement." (Dkt. No. 11, at 20.) There is nothing in Judge Ward's Opinion to indicate that Dr. Tuan's statement in the *China Post* article factored into the Court's analysis of any of the *Read* factors. Therefore, even before considering the *China Post* article, Judge Ward concluded that a "strong enhancement" of damages based on willful infringement was justified. And while it's clear that Judge Ward did

place some reliance on Dr. Tuan's statement, there is nothing before the Court to demonstrate that the doubling of the post-verdict royalty rate was outside the Court's discretion based on Judge Ward's analysis of the *Read* factors alone. *See Read Corp.,* 970 F.2d at 826 ("An award of enhanced damages for infringement, as well as the extent of the enhancement, is committed to the discretion of the trial court."), *abrogated on other grounds by Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 975 (Fed. Cir. 1996) (*en banc*); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, Dkt. No. 2496 at 12 (E.D. Tex. Aug. 2, 2011) ("Although the Court has not enhanced the supplemental damages …, the ongoing royalty analysis can take into account that because [the Defendant] is an adjudged infringer, infringement going forward would likely be willful."); *QPSX Devs. 5 Pty Ltd. v. Nortel Networks, Inc.*, 2:05-cv-268. 2008 WL 728201, *2 (E.D. Tex. Mar. 18. 2008) (applying multiplier of 1.7 to the jury's award in light of defendant's willful infringement with three of the nine *Read* factors weighing in favor of enhancement).

### IV. Conclusion

InnoLux has failed to demonstrate that it is entitled to the "extraordinary" relief provided for by Rule 60(b). The record is clear that InnoLux's counsel failed to raise a timely objection to the *China Post* article on hearsay grounds, thereby waiving it, and, even if the *China Post* article were excluded, Judge Ward was within his discretion to enhance damages based solely upon his analysis of the *Read* factors. Therefore, InnoLux's Motion to Reconsider Order Regarding Mondis' Motion for Supplemental Damages and Ongoing Royalty is DENIED.

**So ORDERED and SIGNED this 27th day of February, 2012.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE